**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRANDON YOPP,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.
_____________________________________/

CASE NO. 13-12556

HON. MARIANNE O. BATTANI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants Defendants' motion.

## I. PROCEDURAL HISTORY

Plaintiff Brandon Yopp challenges the validity of the foreclosure of his mortgage loan by Defendant Bank of America, N.A. ("BOA"). He filed an earlier case in which he challenged the validity of the foreclosure, which was dismissed. (See Case No. 12-10804). In the earlier case, the Court found that Yopp failed to allege "facts to support a cause of action that would invalidate [his] current mortgage loan." (Case No. 12-10804, Doc. 8 at 1). The Court granted Yopp leave to file an amended complaint and subsequently dismissed his amended complaint for failure to state a claim. (See Case No. 12-10804, Doc. No. 20). In the Order Granting Defendants' Motion to Dismiss, the

Court noted that "Yopp list[ed] statutes and included mortgage buzz words" but did not include factual allegations to support any claims. (Id.)

In his 2013 complaint, Yopp again challenges the validity of his mortgage loan and the foreclosure. The facts that follow are drawn from Defendant's Exhibits B (Note), D (Mortgage), E (Assignment of Mortgage), F (Notice of Default and Acceleration), G (Affidavit of Posting), and H (Adjournment Notices).

On August 26, 2006, Yopp obtained a loan in the amount of $171,000 from Bergin Financial, Inc. ("Bergin") to purchase property commonly known as 9805 Loveland Street, Livonia, Michigan. (Doc. No. 6, Ex. B). As security for the Loan, Yopp granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Bergin and its successors and assignees. (Doc. No. 6, Ex. D).

Yopp defaulted on the Loan, and on January 13, 2009, Bank of America, as assignee of the Mortgage, through its foreclosure counsel, Trott & Trott, advised Yopp of its rights to accelerate the debt and proceed with foreclosure by advertisement. (Doc. No. 6, Ex. F). Bank of America proceeded with foreclosure by advertisement and posted notice of sheriff's sale on January 15, 2009. (Doc. No. 6, Ex. G). The sale was adjourned.

Yopp brings claims for Breach of Original Contract (Count One), Breach of Forbearance Agreements (Count Two), Breach of Loan Modification Agreements (Count Three), Promissory Estoppel as to the Forbearance and Loan Modification (Count Four), Invasion of Privacy-False Light/Slander of Credit (Count Five), and Tortious Interference with Business Relations/Tortious Interference with Prospective Economic Advantage (Count Six). Bank of America seeks dismissal of all counts for failure to state a claim.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). “A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.” Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court “must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, “‘a plaintiff's obligation to provide the ‘grounds' of his ‘entitlement to relief’ requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' ” Twombley, 550 U.S. at 555; Ashcroft v. Iqbal, 129 S.Ct. 1937,1949 (2009) (“Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.”).

In conducting its analysis, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims contained therein. Bassett v. NCAA, 528 F.3d 426, 430 (6th Cir.2008) (citation omitted)

## III. ANALYSIS

### A. Res Judicata

The parties dispute whether the doctrine of res judicata requires the Court to dismiss this complaint. Res judicata is rooted in the policy that litigation must end. Federated Dep't Stores v. Moitie, 452 U.S. 394, 401 (1981). Consequently, parties contesting an issue are bound by the outcome of litigation, and those matters that have been adjudicated are settled as to the parties. Id. Res judicata prevents relitigation of issues provided four criteria are met: (1) a court of competent jurisdiction has rendered a final decision on the merits; (2) the subsequent action involves the same parties or their privies; (3) the issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action. Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009).

#### 1. Adjudication on the Merits

It is undisputed that Yopp's claims against BOA were the subject of a prior legal action, and that the Court granted a Rule 12(b)(6) motion dismissing the claims. Nevertheless, Yopp argues he was tricked by non-attorney advisors into filing a "copycat template-style complaint" and his "serial attempts" to amend were futile. (See Doc. No. 11). Yopp contends that his 2012 complaint should have been dismissed without prejudice because his claims were never rejected on the merits. Plaintiff cites no authority to support his position.

To the contrary, the Court dismissed his 2012 case because he did not meet the pleading standards of Rule 8. A dismissal based on the insufficiency of the complaint is

an adjudication on the merits, unless a court specifies a contrary intention. Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir. 1988). The Court stated no contrary intention; consequently, the first element is met.

**2. Identity of Parties**

There is no dispute that the same parties are involved in the 2012 and 2013 cases.

**3. Issues**

Yopp maintains that the prior litigation was so devoid of meaning it is impossible to assess what issues were advanced or could have been advanced in the 2012 lawsuit. The Court disagrees.

Yopp challenged the foreclosure in his 2012 lawsuit and his failure to receive a loan modification. Specifically, in his initial complaint, Plaintiff asked the Court to find him a fee simple title holder to the subject property and to extinguish the defendants' interests in the property. In his amended 2012 complaint Yopp made clear that Bank of America had refused to "process, grant or approve" a loan modification or assist him with his "[u]nderwater" mortgage. (Case No. 12-10804, Doc. No. 15, ¶ 13). The issues raised in 2012 implicate most of his current claims because his 2013 lawsuit likewise seeks relief based upon Plaintiff's allegations that he is a victim of illegal mortgage practices. Specifically, Yopp's claims of breach of contract, breach of forbearance agreements, breach of loan modification agreements, and promissory estoppel as to the forbearance and loan modification either were litigated or should have been litigated in the 2012 action.

In his 2013 lawsuit, however, Yopp advances additional claims of invasion of privacy-false light/slander of credit and tortious interference with business relation/tortious

interference with prospective economic advantage. Yopp does not include a time frame relating to his slander of credit claim or his tortious interference claim. However, he alleges that Defendant made derogatory statements concerning Plaintiff's creditworthiness and/or compliance with agreements which Defendant alone had breached, and thereafter [ ] published and disseminated [the statements] nationwide." (Compl. at ¶ 31). His tortious interference claim alleges that based upon the credit reporting, Plaintiff was unable to "conduct future business with third party lenders." (Compl. at ¶ 33).

There is no basis for finding that these claim could not have been litigated. Plaintiff includes no time line in his complaint. Nor does he clarify when the reporting occurred in response to Defendant's motion. Nevertheless, it appears that the claim turns on whether Plaintiff defaulted on his mortgage. The same is true of his tortious interference claim. Because Plaintiff's claims are based on the reporting of Plaintiff's default and foreclosure to credit reporting agencies, these claims are not merely a recasting of his foreclosure claims. Nevertheless, Plaintiff defaulted on his Note long before he filed his 2012 lawsuit. The notice of default is dated January 13, 2009. (See Doc. No. 6, ex. F). Therefore, there is no basis for an inference that the facts giving rise to these two claims occurred after the 2012 lawsuit was filed. The precise issues raised in the instant action were not actually resolved in the previous action. Still, Plaintiff has provided no basis to infer that he could not have raised the claims in the first action had he exercised reasonable diligence. Here, the claims relate to the same loan transaction at issue in the prior case. Therefore, the Court finds the claims could have been brought in the 2012 lawsuit.

#### 4. Identity of Causes of Action

Bank of America asserts that the same core facts underlying the claims in the 2013 case are identical to the facts forming the basis of the claims brought in the 2012 case. Both complaints rest on the assertion that Bank of America improperly foreclosed on the Property. Because the breach of contract, breach of forbearance, breach of loan modification agreement, and promissory estoppel claims essentially challenge the foreclosure of Plaintiff's mortgage, the facts creating those causes of action as well as the evidence needed to sustain them are identical to those in the 2012 lawsuit. Therefore, the fourth element of res judicata is satisfied as to Counts One through Four. Counts Five and Six are not repackaged 2012 claims. Therefore, the Court considers dismissal on alternative grounds.

### B. Pleading Deficiencies

To bring an action for false-light invasion of privacy, Yopp must "show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." Duran v. Detroit News, Inc., 504 N.W.2d 715, 720-21 (Mich. Ct. App.1993). Yet, in Count Five, Yopp alleges only that Defendant made "false and/or misleading derogatory statements concerning Plaintiff's creditworthiness and/or compliance with agreements which Defendant alone had breached, and thereafter having published and disseminated nationwide such derogatory references to Plaintiff without justification and following Defendant Lender's own serial unjustified breaches of contract(s) with Plaintiff.

. . ." (Compl. at ¶ 31).

There are several blatant problems with Plaintiff's claim. First and foremost, the complaint contains a formulaic recitation of the cause of action's elements and conclusory statements, and the Court need not assume the recitation is true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Secondly, Plaintiff does not allege statutory authority to support his claim of slander of credit arising from a mortgage foreclosure. Several courts have declined to recognize such a claim. See Gathing v. MERS, Inc., 1:09-CV-07, 2010 WL 889945 (W.D. Mich. Mar. 10, 2010); Robbins v. Mortgage Electronic Registration Systems, Inc., No. 1:09-cv-1295, 2009 WL 3757443 at *7 (Nov. 9, 2009). Accordingly, the Court finds Count Five fails to state a claim.

For Yopp to bring a claim of tortious interference with a business relationship or expectancy, he must show four elements: "(1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted." Health Call of Detroit v. Atrium Home & Health Care Servs., Inc., 706 N.W.2d 843, 849 (Mich. Ct. App. 2005).

According to the allegations supporting Count Six, Bank of America "permanently impaired the ability of Plaintiff to conduct future business with third party lenders with whom Plaintiff has had existing relationships, as well as with other, separate third party lenders with whom Plaintiff prospectively had or could have had

relationships all as a direct and proximate result of [Bank of America's] wrongful and tortious conduct [alleged in the slander of credit claim]." (Compl. at ¶ 33).

This claim is founded on the same conclusory allegations as the false light claim. Moreover, Yopp has failed to allege any facts regarding the elements. For example, he has not alleged those third party lenders with whom he had a relationship, the nature of the relationship or that he expected to receive a new mortgage loan while foreclosure was beginning. He merely alleges the elements of the cause of action without factual support. Therefore, he fails to meet his pleading burden.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion is **GRANTED**. Counts One through Four are barred by res judicata. Counts Five and Six fail to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: March 7, 2014

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager